# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO: 3:08-CV-407-RJC-DCK

| | |
|---|---|
| CLEVELAND CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| SCHENKEL & SCHULTZ ARCHITECTS, ) | |
| P.A., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Motion to Stay All Discovery" (Document No. 38). The Plaintiff opposes the motion. (Document No. 49). The motion has been referred to the Magistrate Judge. Having fully considered the record, the undersigned will **grant** the motion for the following reasons:

This case involves a dispute over the construction of the Mecklenburg County Courthouse, with Plaintiff seeking to recover damages for the extra costs it incurred on the project. The Defendants assert that Cleveland Construction, Inc. has previously unsuccessfully sued Mecklenburg County and its construction manager for the same claims asserted here. Defendants assert that a state court has already determined that these claims are subject to a dispute resolution provision in Plaintiff's construction contract with Mecklenburg County. The Defendants assert that Plaintiff now seeks to relitigate those same claims in federal court, but that the claims are barred by res judicata and/or collateral estoppel. The Defendants assert that "the claims asserted against Defendants and the facts alleged to support those claims in the present action before this Court are identical in all material aspects to those in the Plaintiff's prior state court action that was dismissed with prejudice." (Document No. 39, p. 5). The Defendants request a brief stay of discovery pending the outcome

of their "Motion to Dismiss." (Document No. 36). The Defendants assert that the motion to dismiss, if granted, will be completely dispositive and will terminate all claims in this case.

It is not disputed that the Plaintiff's recent discovery requests will involve voluminous document production and time-consuming depositions. Plaintiff has recently issued eight third-party subpoenas and four sets of written discovery involving requests for production of over five hundred boxes of documents and potentially one million pages or more, including requests for documents from out-of-state locations. Plaintiff seeks all the Defendants' project files and related materials, including all documents related to the Courthouse project, all documents and information regarding the contract at issue, all internal information related to the project, and all schedules for procurement, construction and design of the project. The parties anticipate further discovery requests. The Defendants point to the substantial expense and time necessary to respond to these discovery requests. The Defendants contend that a brief stay of discovery is reasonable and will avoid substantial and unnecessary costs, expenses, and inconvenience.

The Plaintiff opposes the motion to stay, but acknowledges that "there are literally hundreds of thousands of documents over and above its own project files which may be relevant to Cleveland's claims against Defendants" (Document No. 49, p. 3). Plaintiff also acknowledges that it intends to conduct up to ten depositions. (Document No. 49, p. 4). The Plaintiff contends that because the state case is on appeal, there is not yet a "final judgment" barring the present claims. The Plaintiff also contends that it has asserted some additional claims of negligence and negligent misrepresentation here, and that it has sued other parties than in the state action.

An order under Rule 26(c) to stay discovery pending determination of a motion to dismiss is an appropriate exercise of a court's discretion. See *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir.1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P.

26(c) to stay discovery pending disposition of the 12(b)(1) motion.... Trial courts ... are given wide discretion to control this discovery process...."), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *affirmed*, 85 Fed. Appx. 333 (4th Cir. 2004), *cert denied*, 543 U.S. 819 (2004); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C.1988); *Chavous v. District of Columbia*, 201 F.R.D. 1, 3 (D.D.C. 2001); *see* Fed.R.Civ.P. 26(c).

Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case. See e.g., *Yongo v. Nationwide Affinity Ins. Co. of America*, 2008 WL 516744, *2 (E.D.N.C. February 25, 2008) (staying discovery pending motion to dismiss); *Bellamy v. Ford Motor Co.*, No. 3:07-CV-00287, 2007 U.S. Dist. LEXIS 66093 (W.D.N.C. Sept. 5, 2007), *aff'd*, 286 Fed. Appx. 13 (4th Cir. 2008) (same); *Graham v. Stansberry*, No. 5:07-CV-3015, 2008 U.S. Dist. LEXIS 64067 (E.D.N.C. Aug. 19, 2008) (staying discovery pending dispositive motion).

The moving party must show good cause for the order staying discovery. Fed.R.Civ.P. 26(c). In addition to the strong support for its motion to dismiss and the voluminous nature of the discovery requests, the Defendants point out that the present case is in the very early stages of discovery. The discovery deadline is still seven months away on October 23, 2009. Trial is scheduled to begin March 1, 2010. (Document No. 35, Pretrial Order and Case Management Plan, dated January 22, 2009). If discovery is not stayed and if the motion to dismiss is granted, the voluminous discovery in this case would be wasteful and inefficient. Moreover, the Plaintiff has not given any persuasive reason showing that it might be prejudiced by a brief stay of discovery. Assuming that the motion to dismiss will be ruled on in the near future, the Defendants' request for a brief stay is entirely reasonable under these circumstances.

The Defendants mention in a footnote an alternative ground for dismissal, namely, that the Plaintiff has not properly pleaded the elements of joint venture. In its response, Plaintiff devotes two sentences to this potential alternative ground and speculates that the voluminous discovery of the project files might provide information about the relationship among the Defendants. (Document No. 49, p. 4). While a court should not stay discovery which is necessary to gather facts in defense of a motion, *see Simpson*, 121 F.R.D. at 263, *see Chavous*, 201 F.R.D. at 3, the Plaintiff has not shown that it requires any discovery in order to respond to the primary legal basis ("res judicata") in the motion to dismiss. The Defendants correctly point out that the Plaintiff's discovery requests for voluminous project files have no bearing on the dispositive legal issue of res judicata. The parties do not indicate that discovery is needed on such issue. Since the discovery requested by the Plaintiff does not appear to be relevant to the opposition to the primary basis for the motion to dismiss, a stay of discovery is appropriate here.

The motion to dismiss here has the potential to dispose of the case on the issue of res judicata/collateral estoppel without the need for discovery, and thus, it is well within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis. *Tilly*, 270 F.Supp.2d at 735; *Simpson*, 121 F.R.D. at 263; *Chavous*, 201 F.R.D. at 2.

**IT IS THEREFORE ORDERED** that the Defendants' "Motion to Stay All Discovery" (Document No. 38) is **GRANTED**.

**IT IS SO ORDERED.**

Signed: March 31, 2009

David C. Keesler
United States Magistrate Judge